IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANET CRANE, as Administrator of the Estate of BROCK TURNER,<br><br>        Plaintiff,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS, ALFRED BIGELOW, RICHARD GARDEN, DON TAYLOR, OFFICER COX, BRENT PLATT, SUSAN BURKE, FUTURES THROUGH CHOICES, INC., UNIVERSAL HEALTH SERVICES, INC., and JEREMY COTTLE,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING FTC AND COTTLE**<br><br>Case No. 2:16-CV-1103 DN<br><br>District Judge David Nuffer |

  Plaintiff, Janet Crane, as Administrator of the Estate of Brock Turner, filed a *pro se* civil-rights complaint, *see* 42 U.S.C.S. § 1983 (2017). The case stems from BrockTurner's suicide while in state custody.

  Defendants Futures Through Choices (FTC) and Jeremy Cottle have moved separately to be dismissed from the case. The se motions are granted, but on grounds different than those argued in the motions.[1] These grounds are raised *sua sponte* by the court.

---

[1] The grounds of statute of limitations and determining whether FTC and Jeremy Cottle were providing medical care are disregarded because of the clear result under the grounds discussed in this order and because the parties indicated that the statute of limitations issue may be a matter of unsettled state law and the matter of medical care may be too factually based to support a dismissal for failure to state a claim.

# ANALYSIS

## 1. Standard for Dismissal

In evaluating the propriety of dismissing a defendant for failure to state a claim upon which relief may be granted, all well-pleaded factual assertions are taken as true and regarded in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

## 2. There Are Few Factual Allegations as to FTC and Cottle

The Fourth Claim for Relief in the Amended Complaint (at p. 30) lumps together several defendants, including FTC and Cottle, as Utah Division of Child and Family Services (DCFS) Defendants. Otherwise, there are few allegations directly stated against FTC and Cottle.

In identifying FTC, the Amended Complaint states:

> Defendant [FTC] is a private 501(c)(3) corporation, located in Bountiful, Utah. At all relevant times, FTC was operating under contract with DCFS, received juveniles via in-custody detention, and was acting under color of law. At all relevant times, FTC employed the staff member(s) who physically assaulted Brock while Brock was involuntarily confined at its facility in 2008.

(*See* Docket Entry # 39, ¶ 30.)

Regarding Cottle, the Amended Complaint reads:

> [Defendant Cottle], at all relevant times, was the CEO and Managing Director of Provo Canyon School, who failed to provide adequate mental health treatment to Brock, failed to provide reasonably safe conditions of confinement, failed to adequately train and supervise the staff, and further failed to protect Brock from being subjected to inhumane conditions as well as from being physically attacked by staff members.

(*See id.*, at ¶ 16.) Other than this, Defendant Cottle is not mentioned by name in the Amended Complaint.

No individual FTC staff members are named in the Amended Complaint. The Amended Complaint does allege in the Factual Background and Fourth Claim for Relief that individual FTC staff members attacked Brock (Amended Complaint, at ¶¶ 14, 31, and 132) and but never names them.

### 3. The Section 1983 Claim Against FTC and Cottle Are Dismissed

Section 1983 establishes a private cause of action for persons deprived "of any rights, privileges, or immunities secured by the [Federal] Constitution and laws" by a person acting under color of state law. 42 U.S.C.S. § 1983 (2017). The Amended Complaint specifically alleges that DCFS Defendants are liable to Plaintiff under § 1983 because they violated the Fourteenth Amendment guarantee

> that a person who is involuntarily confined to a juvenile facility retains liberty interests that are protected by the due process clause, including but

> not limited to, the right to reasonably safe conditions of confinement; the right to be free from unreasonable bodily restraints; and the right to such minimally adequate training of facility staff as reasonably may be required by such liberty interests.

(*See Amended Complaint*, at ¶ 123.)

The allegations against FTC and Cottle fail, for different reasons.

### a. FTC

FTC was contracted by a state agency, DCFS; so, this Order assumes, without deciding, that FTC is named in the Amended Complaint as an arm of the State of Utah. Otherwise, this private entity could not be sued under § 1983 (as a state actor).

As to claims against the State, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for concluding that the State has waived its immunity or that its immunity has been legislatively abrogated. Because any claims against the State are precluded by Eleventh Amendment immunity, this court has no subject-matter jurisdiction to consider them. *See id.* at *9. Therefore, the § 1983 claim against FTC must be dismissed.

### b. Cottle

Defendant Cottle is named only in a passive capacity as director of Provo Canyon School (PCS). There are no assertions that he even knew of Brock or Brock's PCS stay, or had any personal

involvement with or knowledge of Brock or the assaults. And so Plaintiff's claim against him has no factual support.

To survive dismissal for failure to state a claim, a § 1983 claim must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Moreover, Plaintiff may not name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Plaintiff disregarded these tenets in drafting this claim against Defendant Cottle and the claim is therefore dismissed.

**4. The Claim Against FTC and Cottle of Unnecessary Rigor under the Utah Constitution Fails**

The Sixth Claim for Relief alleges a claim against all defendants under Article I, section 9 of the Utah Constitution. It states in pertinent part, "Persons arrested or imprisoned shall not be treated with unnecessary rigor." The Tenth Circuit set forth the requirements of such a claim:

> To violate the clause, the Utah Supreme Court requires the government action expose a person to a "substantial risk of serious injury." *Dexter v. Bosko*, 2008 UT 29 ¶ 19, 184 P.3d 592, 597 (Utah 2008). . . . And "[w]hen the claim of unnecessary rigor arises from an injury, a constitutional violation is made out only when the act complained of presented a substantial risk of serious injury for which there was no reasonable justification at the time." Id. "[T]he conduct at issue," moreover, must be "more than negligent to be actionable." *Id*. at 597, 2008 UT 29 ¶ 21. In addition to these demanding standards, a complainant must also establish: (1) a "flagrant violation" of the Constitution: (2) "existing remedies" do not redress the injuries: and (3) equitable relief is inadequate. *Jensen ex*

5

> *rel. Jensen v. Cunningham*, 250 P.3d 465, 478, 2011 UT 17 ¶ 48 (Utah 2011).
>
> To establish the "flagrant violation" element, the complainant must how "the conduct violates clearly established constitutional rights of which a reasonable person would have known." *Id*. at 482. . . . In the absence of clear, on point precedent recognizing the claimed right, the defendant's conduct must be egregious and unreasonable. *Jensen*, 250 P.3d at 482, 2011 UT 17 ¶ 67; *see also Dexter*, 184 P.3d598, 2008 UT 29 ¶ 25 ("If an official knowingly and unjustifiably subjects an inmate to circumstances previously identified as being unnecessarily rigorous, that is obviously a flagrant violation. Where a clear prohibition has not been previously known to the official, more may be required to establish a flagrant violation."). An officer violates the unnecessary rigor clause in an egregious manner where his act presents an "obvious and known risk of harm" and he acts without "reasonable justification," knowing that risk. *Dexter,* 184 P.3d 598, 2008 UT 29 ¶ 25.

*Brown v. Larsen*, 653 Fed. Appx. 577, 578-579 (10th Cir. 2016).

Plaintiff includes FTC and Cottle in her unnecessary-rigor claim against without alleging they *did* anything. The true culprits of these allegations are "unknown Defendants." *Guerrero v. Crowther*, 2017 U.S. Dist. LEXIS 53803, at *9 (D. Utah Apr. 6, 2017) (quotation marks & citation omitted). Plaintiff's allegations that FTC and Cottle failed to protect Brock from assault without establishing any basis that they even knew assaults were possible or happening; that random employees "with a history of violence pose[d] a danger to" Brock, and that FTC and Cottle were themselves "deliberately indifferent to [Brock's] safety, are conclusory statements devoid of supporting factual allegations and are insufficient to support their claims." *See id*. (citing *Iqbal*, 129 S. Ct. at 1949-50) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements does not suffice" and "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). The conclusions in *Guerrero* apply to these defendants.

> No supporting factual allegations reflect that [FTC and Cottle's] alleged actions presented a substantial risk of serious injury to [Brock] for which

6

> there was no reasonable justification. No supporting factual allegations regarding [FTC and Cottle] reflect that [they] knowingly and unjustifiably subjected [Brock] to circumstances previously identified as unnecessarily rigorous so as to constitute a flagrant violation. No supporting factual allegations reflect that [FTC and Cottle's] alleged conduct was egregious and unreasonable. No supporting factual allegations reflect that [FTC and Cottle's] alleged acts presented an obvious and known serious risk of harm and that [they] acted without reasonable justification knowing that risk. No supporting allegations reflect that [FTC and Cottle] personally participated in the alleged unconstitutional conduct, or that there is a causal connection between [their] alleged action and the alleged deprivation. And no factual allegations support that [FTC and Cottle] knew anything about [Brock's] housing situation [or about staff's potential to assault facility residents]. Because of these shortcomings, Plaintiff's Utah Constitutional claim is subject to dismissal.

*Guerrero* at *9-11.

For the reasons so well stated in *Guerrero*, the Sixth Claim for Relief under the Utah Constitution is dismissed as to FTC and Cottle.

## CONCLUSION

Defendants FTC and Cottle--Plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2017).

Accordingly, **IT IS HEREBY ORDERED** that their motions to dismiss are **GRANTED**, albeit on different grounds from what they argued. (Docket Entry #s 16 & 26.) **Claims against defendants FTC and Cottle are DISMISSED.**

**IT IS FURTHER ORDERED** that the motion by Brock's former attorneys to quash Plaintiff's subpoenas for their records regarding Brock is **DENIED**. (Docket Entry # 40.)

Signed September 28, 2017.

BY THE COURT

_____
David Nuffer
United States District Judge